IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ROSE A. DURU,**

      **Plaintiff,**

v.                                                                                       **CASE NO. 3:14-CV-4481-B-BK**

**JEFFREY W. HASTINGS,**
**KALI M. JACKSON, BAKER,**
**DONELSON, BEARMAN,**

      **Defendants.**

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management pursuant to the District Judge's *Standing Order of Reference*. Doc. 7. The *pro se* Plaintiff's allegations stem from Defendants' removal of her previous state court case to federal court. Doc. 1-3 at 5. She originally filed this action in state court as well, alleging that Defendants "manipulated [the state] court, deceived [the state] court, and maliciously moved my case # DC-14-10058 to the Federal Court without my knowledge and without my consent." Doc. 1-3 at 5. Plaintiff further asserts that, in removing the previous action, Defendants committed obstruction of justice, abuse of power, deceit, fraud, and misrepresentation for which she now seeks recovery. Doc. 1-3 at 5. Defendants removed the instant action to federal district court based on diversity jurisdiction[1] and, on December 29, 2014, moved to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 4.

---

[1] Although Plaintiff, Defendant Hastings, and Defendant Jackson are all residents of Texas and, therefore, non-diverse, Hastings and Jackson have been improperly joined as Defendants because attorneys cannot generally be held civilly liable for damages to non-clients for actions taken in connection with representing a client. *Sacks v. Zimmerman*, 401 S.W.3d 336, 340 (Tex.App.--Houston [14th Dist.] 2013); *see Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (holding that, "ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Accordingly, diversity jurisdiction exists because Baker Donelson is incorporated and has its principal place of business in Tennessee. Doc. 1 at 4.

Plaintiff was required to file her response to Defendants' motion to dismiss, if she opposed the relief requested, by January 20, 2015, but she did not do so. See N.D. TEX. LOCAL RULE 7.1(e) (establishing 21-day deadlines for filing responses to motions). Due to Plaintiff's failure to respond to Defendant's dismissal motion, this Court ordered Plaintiff to respond to the motion no later than February 23, 2015, if she was opposed to the dismissal of her case. That deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendants' dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling her case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Liberally construing her complaint, Plaintiff has attempted to raise claims of fraud, obstruction of justice, gross negligence, and negligent misrepresentation.[2] Plaintiff's first case was removed to federal court in October 2014. *See Duru v. Bernard*, No. 13-cv-3629-B, Dkt. 1. The statute of limitations on her fraud claim thus does not expire until October 2018. *See* TEX. CIV. PRAC. & REM.CODE § 16.004(a)(4) (noting four-year statute of limitations for fraud claims). Her negligence claims have a two-year statute

---

[2] While Plaintiff alleges a claim for obstruction of justice in her petition, that is a criminal offense for which there is no private cause of action. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.--Tyler 1996).

of limitations and thus would not expire until October 2016. TEX. CIV. PRAC. & REM. CODE § 16.003. Accordingly, the District Court should dismiss this case without prejudice based on Plaintiff's lack of prosecution and failure to comply with a Court order.

**SO RECOMMENDED** on February 25, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE